UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X   Docket No.   1:23-cv-666
EDWARD KUEH,

                Plaintiff,              COMPLAINT FOR DAMAGES
    -against-

THE NEW YORK AND PRESBYTERIAN HOSPITAL,
                                      JURY TRIAL DEMANDED
                Defendant.
----------------------------------------------------------------X

PLAINTIFF, EDWARD KUEH ("Plaintiff"), by his attorneys, PACIFIC JUSTICE INSTITUTE, INC., through local counsel, April Forbes, hereby complains of the DEFENDANT, THE NEW YORK AND PRESBYTERIAN HOSPITAL (hereinafter "NYP") as follows:

## NATURE OF THE CASE:

1. This action results from Plaintiff being denied a reasonable accommodation and wrongfully terminated by NYP, which refused to grant an exemption to its mandatory COVID-19 policy.

2. This action seeks damages and other relief stemming from religious discrimination in violation of Title VII of the Civil Rights of 1964, as codified, 42 U.S.C. 2000e to 2000e-17, *as amended*, ("Title VII"); and the New York City Human Rights Law, Title 8, Civil Rights, Administrative Code of the City of New York ("NYCHRL"), Chapter 1, §8-107.

## PARTIES:

3. Plaintiff currently resides in New York City, and was employed by NYP for all time periods relevant herein.

4. NYP is a corporation organized and existing under the laws of New York.

5. NYP maintains a principal place of business at 466 Lexington Avenue, New York, New York, and at 565 East 68th Street, New York, New York.

## JURISDICTION AND VENUE:

6. This Court has jurisdiction pursuant to 28 U.S.C. §1331 as it arises under the U.S. Constitution and the laws of the United States. This action presents a federal question pursuant to 42 U.S.C. §1343(a) (3)-(4) and involves questions of federal law.

7. Plaintiff also seeks declaratory relief as authorized by 28 U.S.C.§§ 2201 and 2202, pursuant to Federal Rules of Civil Procedure 57 and 65, and the general legal and equitable powers of this Court, which empower this Court to grant the requested relief.

8. Venue is proper within this judicial district and division, pursuant to 28 U.S.C. §1391(b), because relevant events occurred in this jurisdictional district.

9. Pursuant to 28 U.S.C. §1367, this Court has supplemental jurisdiction over the state related claims based on violation of NYCHRL Ch. 1, §8-107.

## PROCEDURAL REQUIREMENT(S) AND EXHAUSTION OF ADMINISTRATIVE REMEDY(IES):

10. Plaintiff timely filed charges of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") against NYP.

11. The EEOC issued Plaintiff a Notice of Right to Sue which is dated October 31, 2022.

12. As such, Plaintiff has timely filed this instant action and complied with all administrative and procedural requirements necessary to commence this lawsuit.

## RELEVANT BACKGROUND INFORMATION:

13. Plaintiff has been employed by NYP for approximately thirty-one years, beginning on or about 1990 and continuing until being terminated on November 31, 2021.

14. Plaintiff initially worked for NYP as a Pharmacy Intern.

2

15. Beginning in or around March of 2008 and continuing until termination on November 31, 2021, Plaintiff assumed the role as a Pharmacy Purchasing Manager for NYP.

16. While employed in the capacity as a Pharmacy Purchasing Manager, Plaintiff worked primarily at the Weill Cornell Campus of NYP located at 525 East 68th Street, New York, New York.

17. However, on or around June of 2021, Plaintiff's work location was relocated to NYP's corporate offices locate at 466 Lexington Avenue, New York, New York.

18. Plaintiff's job duties as a Pharmacy Purchasing Manager with NYP consisted of ordering drugs requested by the pharmacy(ies) for the various hospital campuses affiliated with NYP.

19. Plaintiff's job duties as a Pharmacy Purchasing Manager did not include: (1) assisting pharmacists in performing their duties; (2) inspection of pharmacy locations; (3) compounding and dispensing medication; (4) managing control of records pertaining to narcotics, poisons and habit-forming drugs; and (5) consultation with practitioners in the field.

20. Plaintiff, while employed for NYP in the capacity as a Pharmacy Purchasing Manager, was evaluated by NYP in the following areas: (1) efficiencies on drug purchasing; looking for savings via generic drugs; (2) supporting new software application setup (ConsortiEX); (3) supporting migration to new purchasing system Epic Willow Inventory system; (4) reporting out data of flu and COVID-19 vaccines balances weekly; and (5) maintaining the order of templates for compounding vendors.

21. Plaintiff, while in the employ of NYP and working as a Pharmacy Purchasing Manager, received excellent work performance reviews.

22. By the nature of the actual job duties that Plaintiff performed as a Pharmacy Purchasing Manager for NYP, all of the duties could be performed entirely remotely.

23. NYP did allow Plaintiff to work remotely in the capacity as a Pharmacy Purchasing Manager from March of 2020 to May of 2020.

24. Also, upon information and belief, several of Plaintiff's former colleagues and/or co-workers at NYP who also work in the same department as Plaintiff are working remotely a couple of days during the work week.

25. On or about June 11, 2021, Plaintiff received notice that all employees must be vaccinated with one of the available COVID-19 vaccines by September 1, 2021 as a condition of continued employment with NYP ("NYP's COVID Policy").

26. Pursuant to NYP's COVID Policy, any requests for exemptions, whether medical or religious, had to be made with NYP by August 1, 2021.

27. On or around July 21, 2021, Plaintiff submitted a request to NYP to be exempted from NYP's COVID Policy.

28. The basis for Plaintiff's request to be exempted from NYP's COVID Policy was due to his sincerely held religious beliefs which conflicted with receiving any vaccinations and/or immunizations. (**Exhibit "A"**).

29. Plaintiff has been a Christian for many years and views the body as a sacred temple.

30. Within Plaintiff's request for a religious exemption is reference to various Biblical passages supporting Plaintiff's religious beliefs, including citing 1 Corinthians 3:16-17 and Romans 12:1. (See Exhibit A).

31. On August 14, 2021, NYP granted Plaintiff's request for a religious exemption from NYP's COVID Policy. (**"Exhibit B"**).

32. However, the religious exemption that was granted to Plaintiff from NYP's COVID Policy was revoked by NYP on August 30, 2021.

33. NYP's revocation of the religious exemption previously granted to Plaintiff from NYP's COVID Policy was based on the elimination of religious exemptions from the mandate implemented by the New York State Department of Health ("the "DOH") requiring that all healthcare workers who interact with patients and/or staff of medical facilities must receive one of the available COVID-19 vaccines ("the DOH Mandate").

34. Once Plaintiff's religious exemption request was revoked by NYP, Plaintiff was placed on a seven-day suspension without pay beginning on September 4, 2021.

35. On September 4, 2021, Plaintiff was notified by NYP that the failure to receive the first dose of any COVID-19 vaccine not later than September 10, 2021 would be deemed as Plaintiff's resignation from employment with NYP.

36. Plaintiff could not receive any COVID-19 vaccine(s) due to his strongly held religious beliefs which conflicted with NYP's COVID Policy.

37. On or around September 10, 2021, Plaintiff notified NYP that he would not voluntarily resign from NYP.

38. On September 14, 2021, a federal district court issued an order temporarily enjoining the DOH Mandate to the extent that it resulted in the denial and revocation of approved religious exemption requests, which was converted to a preliminary injunction on October 12, 2021.[1]

---

[1] *Dr. A v. Hochul*, 21-cv-1009, 2021 WL 4189533, *1 (N.D.N.Y., Sept. 14, 2021); *Dr. A. v. Hochul,* 21-cv-1009, 2021 WL 4734404, at *11 (N.D.N.Y., Oct. 12, 2021).

39. In light of the district court's issuance of a temporary restraining order preventing healthcare facilities, such as NYP, from denying religious exemptions requests, on or about September 22, 2021, Plaintiff made a request with NYP for immediate reinstatement of his employment.

40. On or about September 27, 2021, Plaintiff was reinstated as an employee of NYP and allowed to mask and test as an alternative to receiving any COVID-19 vaccine(s) as required by law.

41. On October 29, 2021, the Second Circuit vacated the preliminary injunction previously entered which prevented employers from denying and revoking approved religious exemption requests.[2]

42. On November 15, 2021, the DOH ordered that, beginning on November 22, 2021, healthcare workers must receive a COVID-19 vaccine(s), unless a medical exemption was granted.

43. On or about November 22, 2021, NYP notified Plaintiff that, by nature of his role, there were no available accommodations that would allow Plaintiff to maintain employment with NYP without complying with NYP's COVID-19 Policy.

44. According to NYP, granting Plaintiff an accommodation to be exempted from NYP's COVID-19 Policy would result in an undue hardship to NYP.

45. On or about around November 23, 2021, Plaintiff made a request to work remotely as a reasonable accommodation due to Plaintiff's sincerely held religious beliefs that conflicted with receiving any COVID-19 vaccine(s).

---

[2] *We The Patriots USA, Inc.*, Nos. 21-2179, 21-2566, 2021 WL 5103443, at *1 (2d Cir. Oct. 29, 2021).

46. On November 29, 2021, NYP notified Plaintiff that, due to the nature of Plaintiff's role, Plaintiff was required to participate onsite and, therefore, NYP could not provide a remote work accommodation to Plaintiff.

47. NYP notified Plaintiff on November 29, 2021 that, unless Plaintiff complied with NYP's COVID Policy by receiving the first dose of a COVID-19 vaccine, Plaintiff would be "resigned" from employment with NYP effective November 30, 2021.

## CAUSES OF ACTION:

### FIRST CAUSE OF ACTION
### AGAINST THE DEFENDANT NYP
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
### Termination on the Basis of Religion:

48. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint and incorporate those allegations herein by reference.

49. Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq*. contains the following definitions:

    (b) The term "employer" means a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, any agent of such a person…;
    . . .
    (f) The term "employee" means an individual employed by an employer…
    …
    (j) The term "religion" includes all aspects of religious observance and practice, as well as belief, unless an employer demonstrates that he is unable to reasonably accommodate to an employee's or prospective employee's religious observance or practice without undue hardship on the conduct of the employer's business.

50. 42 U.S.C. §2000e-2 entitled UNLAWFUL EMPLOYMENT PRACTICES provides, in relevant part, as follows:

    (a) Employer practices

7

> It shall be an unlawful employment practice for an employer –
>
> (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin;
>
> (m) Impermissible consideration of race, color, religion, sex, or national origin in employment practices.
>
> Except as otherwise provided in this subchapter, an unlawful employment practice is established when the complaining party demonstrates that race, color, religion, sex, or national origin was a motivating factor for any employment practice, even though other factors also motivated that practice.

51. NYP, upon information and belief, has employed not less than fifteen employees for all relevant periods and is a covered employer subject to Title VII.

52. Plaintiff, for all relevant periods herewith, was a Title VII covered employee of NYP.

53. Plaintiff, who is a Christian, adheres to religious tenets associated with his faith, and, as such, falls within the class of individuals protected by Title VII.

54. Plaintiff, due to his sincerely held religious beliefs, cannot receive any COVID-19 vaccine(s).

55. Plaintiff received notice in June of 2021 from NYP that compliance with NYP's COVID Policy was necessary to maintain employment with NYP.

56. Plaintiff made a request to be exempted from NYP's COVID Policy due to Plaintiff's sincerely held religious beliefs.

57. NYP initially approved Plaintiff's request for a religious exemption from NYP's COVID Policy and, thus, allowed Plaintiff to mask and test as an alternative to receiving any COVID-19vaccine(s).

58. However, subsequent to the elimination of religious exemptions from the DOH Mandate, NYP notified Plaintiff that the religious exemption previously granted was revoked.

59. Notwithstanding the revocation of religious exemptions from the DOH Mandate, NYP still had an affirmative obligation to provide its employees with a reasonable accommodation pursuant to Title VII.

60. Nevertheless, NYP failed to comply with Title VII, including, but not limited to, the notification by NYP to Plaintiff in November of 2021 that, due to the nature of Plaintiff's work, there were no available accommodations that would not result in an undue hardship for NYP if Plaintiff were allowed to perform the job as a Pharmacy Purchasing Manager without being fully vaccinated from COVID-19 in accordance with NYP's COVID Policy.

61. In response to NYP's refusal to grant Plaintiff a reasonable accommodation to be exempted from NYP's COVID-19 Policy, Plaintiff then specifically requested that he be allowed to work remotely as a reasonable accommodation.

62. Plaintiff's job duties as a Pharmacy Purchasing Manager for NYP, both pre-pandemic and post-pandemic, could be performed remotely.

63. Nevertheless, NYP failed to comply with Title VII in declining Plaintiff's request for a remote work accommodation under the guise that, due to the nature of Plaintiff's role, it was necessary for Plaintiff to perform the job as a Pharmacy Purchasing Manager onsite – which is simply not the case.

64. Although Plaintiff could have worked entirely remotely for NYP as a Pharmacy Purchasing Manager, Plaintiff was needlessly terminated by NYP on November 30,

9

2021 for the inability to comply with NYP's COVID Policy as such compliance would require Plaintiff to betray his faith and violate sincerely held religious beliefs.

65. NYP has failed to demonstrate that a remote work accommodation posed an undue hardship on the operation of the business as required by Title VII.

66. NYP, in denying Plaintiff's request for an accommodation to be exempted from the NYP's COVID Policy, is in violation of Title VII.

67. NYP refused to explore available reasonable alternatives prior to terminating Plaintiff.

68. The actions of NYP, in terminating Plaintiff from employment due to his exercising sincerely held religious beliefs, constitutes discriminatory employment practices in violation of Title VII.

69. As a direct result of the actions of NYP's unlawful employment practices in violation of Title VII, Plaintiff has suffered and will continue to suffer harm, including, the violation of his rights, mental and emotional distress, loss of income/earnings, inconvenience, pain and suffering, financial hardship, loss of employment, loss of employment benefits, humiliation, stress, anxiety, embarrassment, nominal damages and special damages.

### SECOND CAUSE OF ACTION
### AGAINST THE DEFENDANT NYP
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 –
### Failure to Engage in Meaningful Dialogue and
### Failure to Provide Reasonable Accommodations:

70. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint and incorporate those allegations herein by reference.

71. NYP's notification to Plaintiff during November of 2021 that there were no available accommodations that would not result in an undue hardship for NYP was made without NYP engaging in meaningful dialogue as required by Title VII.

72. NYP's notification to Plaintiff during November of 2021 that there were no available accommodations that would not result in an undue hardship for NYP was without the requisite interactive process required by Title VII.

73. In response to NYP's refusal to grant Plaintiff a reasonable accommodation to be exempted from NYP's COVID-19 Policy, Plaintiff then specifically requested that he be allowed to work remotely as a reasonable accommodation.

74. Plaintiff's job duties as a Pharmacy Purchasing Manager for NYP, both pre-pandemic and post-pandemic, could be performed remotely.

75. Plaintiff, in specifically requesting that he be allowed to work remotely as a reasonable accommodation, was engaging in meaningful and/or interactive dialogue as required by Title VII.

76. Nevertheless, NYP declined Plaintiff's specific request for a remote work accommodation under the guise that, due to the nature of Plaintiff's role, it was necessary for Plaintiff to perform the job as a Pharmacy Purchasing Manager onsite – which is simply not the case.

77. Although Plaintiff could have worked entirely remotely for NYP, Plaintiff was needlessly terminated by NYP on November 30, 2021 for the inability to comply with NYP's COVID Policy as such compliance would require Plaintiff to betray his faith and violate sincerely held religious beliefs.

78. NYP has failed to demonstrate that a remote work accommodation posed an undue hardship on the operation of the business.

79. NYP did not engage in any good faith bona fide effort to accommodate Plaintiff's religious beliefs which compelled Plaintiff to decline receiving any COVID-19 vaccine(s).

80. NYP did not engage in any substantive and/or meaningful dialogue with Plaintiff regarding available reasonable accommodations prior to terminating Plaintiff.

81. NYP did not engage in any interactive or cooperative dialogue with Plaintiff regarding available reasonable accommodations prior to terminating Plaintiff.

82. NYP refused to explore available reasonable alternatives prior to terminating Plaintiff.

83. NYP intentionally violated Plaintiff's rights under Title VII with malice and/or reckless indifference.

84. As a direct result of the actions of NYP's unlawful employment practices in violation of Title VII, Plaintiff has suffered and will continue to suffer harm, including, the violation of his rights, mental and emotional distress, loss of income/earnings, inconvenience, pain and suffering, financial hardship, loss of employment, loss of employment benefits, humiliation, stress, anxiety, embarrassment, nominal damages and special damages.

**THIRD CAUSE OF ACTION**
**AGAINST DEFENDANT NYP**
**NEW YORK CITY ADMINISTRATIVE CODE**
**TITLE 8, CIVIL RIGHTS, §8-107 -**
**<u>Wrongful Termination</u>**

85. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint and incorporate those allegations herein by reference.

86. Chap. 1, §8-107 provides, in relevant part, as follows:

    **§8-107. Unlawful discriminatory practices.**

    3. Employment. religious observance.

    (a) It shall be an unlawful discriminatory practice for an employer or an employee or agent thereof to impose upon a person as a condition of obtaining or retaining employment any terms or conditions, compliance with which would require such person to violate, or forego a practice of, such person's creed or religion, …, and the employer shall make reasonable accommodation to the religious needs of such person.

    (b) "Reasonable accommodation", as used in this subdivision, shall mean such accommodation to an employee's or prospective employee's religious observance or practice as shall not cause undue hardship in the conduct of the employer's business. The employer shall have the burden of proof to show such hardship. "Undue hardship" as used in this subdivision shall mean an accommodation requiring significant expense or difficulty ….

87. NYP is an employer subject to §8-107 of the NYCHRL.

88. Plaintiff is a Christian who adheres to the tenets of his faith and, as such, falls within the class of individuals protected by §8-107 of the NYCHRL.

89. Plaintiff, in accord with his religious beliefs, cannot receive any COVID-19 vaccine(s).

90. Plaintiff received notice in June of 2021 from NYP that compliance with NYP's COVID Policy was necessary to maintain employment with NYP.

91. Plaintiff made a request to be exempted from receiving any COVID-19 vaccine(s) due to Plaintiff's sincerely held religious beliefs, which was approved, and, thus, Plaintiff was allowed to mask and test as an alternative to receiving any COVID-19 vaccine(s).

92. However, subsequent to the elimination of religious exemptions from the DOH Mandate, NYP notified Plaintiff that the religious exemption previously granted was revoked.

93. Notwithstanding the revocation of religious exemptions from the DOH Mandate, NYP still had an affirmative obligation to provide its employees with a reasonable accommodation pursuant to §8-107 of NYCHRL.

94. Nevertheless, in November of 2021, NYP, contrary to and/or in disregard of the requirements of §8-107 of NYCHRL, notified Plaintiff that due to the nature of his work, there were no available accommodations that would not result in an undue hardship for NYP if Plaintiff were allowed to perform the job as a Pharmacy Purchasing Manager without being fully vaccinated from COVID-19 as required by NYP's COVID-19 Policy.

95. Plaintiff specifically requested that he be allowed to work remotely as a reasonable accommodation.

96. Plaintiff's job duties as a Pharmacy Purchasing Manager for NYP, both pre-pandemic and post-pandemic, could be performed remotely.

97. Although Plaintiff could have worked entirely remotely for NYP, Plaintiff was needlessly terminated by NYP on November 30, 2021 for the inability to comply with NYP's COVID Policy as such compliance would require Plaintiff to betray his faith and violate sincerely held religious beliefs.

98. NYP has failed to demonstrate that a remote work accommodation posed an undue hardship on the operation of the business.

99. NYP has failed to demonstrate that it would be a significant expense or difficulty to accommodate Plaintiff by allowing Plaintiff to work entirely remotely for NYP as a Pharmacy Purchasing Manager.

100. A reasonable accommodation was readily available and thus NYP was legally obligated to allow Plaintiff to work as a Pharmacy Purchasing Manager for NYP remotely without any significant difficulty or expense to NYP.

101. NYP refused to explore available reasonable alternatives prior to terminating Plaintiff.

102. NYP has engaged in unlawful discriminatory practices in violation of §8-107 of NYCHRL by failing to grant Plaintiff's request for an accommodation to be exempted from NYP's COVID Policy due to his sincerely held religious beliefs since a reasonable accommodation was available.

103. As a direct result of the actions of NYP's unlawful employment practices in violation of §8-107 of NYCHRL, Plaintiff has suffered and will continue to suffer harm, including, the violation of his rights, mental and emotional distress, loss of income/earnings, inconvenience, pain and suffering, financial hardship, loss of employment, loss of employment benefits, humiliation, stress, anxiety, embarrassment, nominal damages and special damages.

**FOURTH CAUSE OF ACTION
AGAINST THE DEFENDANT NYP
NEW YORK CITY ADMINISTRATIVE CODE
TITLE 8, CIVIL RIGHTS, §8-107 -
<u>Failure to Engage In the Interactive Process</u>**

104. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint and incorporate those allegations herein by reference.

105. Chap. 1, §8-107 provides, in relevant part, as follows:

> **28. Reasonable accommodation; cooperative dialogue**.
>
> (a) Employment. It shall be an unlawful discriminatory practice for an employer, labor organization or employment agency or an employee or agent thereof to refuse or otherwise fail to engage in a cooperative dialogue within a

> reasonable time with a person who has requested an accommodation or who the covered entity has notice may require such an accommodation:
>
> (1) For religious needs as provided in subdivision 3 of this section;

106. NYP initially approved Plaintiff's request for a religious exemption from NYP's COVID Policy and, thus, allowed Plaintiff to mask and test.

107. However, subsequent to the elimination of religious exemptions from the DOH Mandate, NYP notified Plaintiff that the religious exemption previously granted was revoked.

108. Notwithstanding the revocation of religious exemptions from the DOH Mandate, NYP still has an affirmative obligation to provide its employees with a reasonable accommodation pursuant to §8-107 of NYCHRL.

109. Nevertheless, in November of 2021, NYP, contrary to and/or in disregard of the requirements of §8-107 of NYCHRL, notified Plaintiff that due to the nature of his work, there were no available accommodations that would not result in an undue hardship for NYP if Plaintiff were allowed to perform the job as a Pharmacy Purchasing Manager without being fully vaccinated from COVID-19 as required by NYP's COVID-19 Policy.

110. NYP's notification to Plaintiff during November of 2021 that there were no available accommodations that would not result in an undue hardship for NYP was without NYP engaging in cooperative dialogue as required by §8-107 of NYCHRL.

111. In response to NYP's refusal to grant Plaintiff a reasonable accommodation to be exempted from NYP's COVID-19 Policy, Plaintiff then specifically requested that he be allowed to work remotely as a reasonable accommodation.

112. Plaintiff's job duties as a Pharmacy Purchasing Manager for NYP, both pre-pandemic and post-pandemic, could be performed remotely.

113. Plaintiff, in specifically requesting that he be allowed to work remotely as a reasonable accommodation, was engaging in the cooperative dialogue as required by §8-107 of NYCHRL.

114. Although Plaintiff could have worked entirely remotely for NYP, Plaintiff was needlessly terminated by NYP on November 30, 2021 for the inability to comply with NYP's COVID Policy as such compliance would require Plaintiff to violate his sincerely held religious beliefs.

115. NYP has failed to demonstrate that a remote work accommodation posed an undue hardship on the operation of the business.

116. NYP did not engage in any cooperative and/or interactive dialogue to accommodate Plaintiff's religious beliefs which compelled him to decline receiving any COVID-19 vaccine(s).

117. NYP did not engage in any substantive and/or meaningful dialogue with Plaintiff regarding available reasonable accommodations prior to terminating Plaintiff.

118. NYP refused to explore available reasonable alternatives prior to terminating Plaintiff.

119. NYP has violated §8-107 of NYCHRL by failing to engage in the cooperative process in connection with Plaintiff's request for an accommodation to be exempted from NYP's COVID Policy.

120. NYP has also engaged in unlawful discriminatory practices in violation of §8-107 of NYCHRL by failing to grant Plaintiff's request for an accommodation to be exempted

from NYP's COVID Policy due to his sincerely held religious beliefs since a reasonable accommodation was available.

121. As a direct result of the actions of NYP's unlawful employment practices in violation of §8-107 of NYCHRL, Plaintiff has suffered and will continue to suffer harm, including, the violation of his rights, mental and emotional distress, loss of income/earnings, inconvenience, pain and suffering, financial hardship, loss of employment, loss of employment benefits, humiliation, stress, anxiety, embarrassment, nominal damages and special damages.

### **PRAYER FOR RELIEF:**

WHEREFORE, Plaintiff respectfully prays this Court grant relief as follows:

A. Declare that the Defendant's actions in denying Plaintiff a religious exemption and reasonable accommodation to the mandatory COVID-19 vaccination policy, and Defendant's failure to engage in the interactive process, violate Title VII of the Civil Rights Act of 1964 and the NYC Administrative Code, Title 8, Civil Rights, §8-107.

B. Award Plaintiff damages for actual, consequential, and incidental financial losses, including, but not limited to loss of backpay, front pay, benefits, and other compensation plus interest;

C. Award Plaintiff compensatory damages as well as emotional damages and damages for pain and suffering;

D. Award Plaintiff punitive damages;

E. Award Plaintiff nominal damages;

F. Award Plaintiff reasonable attorneys' fees and costs of suit; and

G. Grant Plaintiff such additional or alternative relief as the Court deems just and proper.

Dated this 25th day of January, 2023

                                      Respectfully Submitted,

                                                *-S-*

                                    _____

April Forbes, Esquire (**Bar #AF0833**)
PACIFIC JUSTICE INSTITUTE, INC.
Counsel for the Plaintiff
350 Northern Boulevard
Suite 324, Box 1061
Albany, New York 12204-1000
(518) 721-8369 (Telephone)
(518) 707-0880 (Facsimile)
aforbes@pji.org (Email)