UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
:
EDWARD KUEH, :
:
                  Plaintiff, :
: 23-CV-666 (VSB)
   - against - :
: **OPINION & ORDER**
:
NEW YORK AND PRESBYTERIAN :
HOSPITAL, :
:
                  Defendant. :
:
------------------------------------------------------------X

Appearances:

April Forbes
Pacific Justice Institute
Hudson, New York
*Counsel for Plaintiff*

Gregory Frederick Laufer
Liza May Velazquez
Juhyun Park
Paul, Weiss, Rifkind, Wharton & Garrison
New York, New York
*Counsel for Defendant*

VERNON S. BRODERICK, United States District Judge:

      Before me is a motion filed by Defendant New York and Presbyterian Hospital ("NYP" or "Defendant") to dismiss the complaint filed by Plaintiff Edward Kueh ("Kueh" or "Plaintiff"). Because Plaintiff fails to allege any direct or indirect evidence of discriminatory intent, and an independent cause of action does not exist under the New York City Human Rights Law for failure to engage in an interactive process, Defendant's motion to dismiss the first and fourth

causes of action is GRANTED.  Because Plaintiff plausibly alleges Defendant's failure to accommodate, Defendant's motion to dismiss the second and third causes of action is DENIED.

## I.  **Factual Background & Procedural History**[1]

Kueh worked for NYP in various capacities since about 1990, when he was initially hired as a Pharmacy Intern.  (Doc. 1 ("Complaint" or "Compl.") ¶¶ 13–14.)  From March 2008 to November 31, 2021, Kueh held the role of Pharmacy Purchasing Manager at NYP, with responsibility for ordering drugs requested by the pharmacies for the hospital campuses affiliated with NYP.  (*Id.* ¶¶ 15, 18.)

From March 2020 to May 2020, around when the COVID-19 pandemic first appeared in the United States, NYP allowed Kueh to work remotely in his capacity as a Pharmacy Purchasing Manager.  (*Id.* ¶ 23.)  "[U]pon information and belief, several of Plaintiff's former colleagues and/or co-workers at NYP who also work in the same department as Plaintiff are working remotely a couple of days during the work week."  (*Id.* ¶ 24.)

On June 11, 2021, Kueh received notice of a new NYP policy ("NYP COVID Policy"), requiring all employees to be vaccinated with one of the available COVID-19 vaccines by September 1, 2021.  (*Id.* ¶ 25.)  Pursuant to this new policy, NYP employees were instructed to make any requests for exemptions, whether medical or religious in nature, by August 1, 2021.  (*Id.* ¶ 26.)  On July 21, 2021, Kueh requested an exemption from the NYP COVID Policy on the basis of his sincerely held religious beliefs against vaccinations.  (*Id.* ¶¶ 27–30.)  On August 14, 2021, NYP granted Kueh's exemption request.  (*Id.* ¶ 31.)

---

[1] The facts set forth herein are taken from the allegations contained in the Complaint and the documents referenced therein.  (*See* Doc. 1.)  I assume Plaintiff's allegations in the Complaint to be true for purposes of this motion.  *See Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 237 (2d Cir. 2007) (citing *Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 87 (2d Cir. 2002)).  However, my reference to these allegations should not be construed as a finding as to their veracity, and I make no such findings.

On August 26, 2021, the New York State Department of Health ("DOH") mandated that hospitals and other healthcare institutions require medically eligible personnel to be fully vaccinated against COVID-19 ("DOH Mandate").[2] *See* 10 N.Y.C.R.R. § 2.61. As defined by the DOH Mandate, personnel includes "all persons employed . . . including . . . employees . . . who engage in activities such that if they were infected with COVID-19, they could potentially expose other covered personnel, patients or residents to the disease." *Id.* § 2.61(a)(2). The DOH Mandate does not permit religious exemptions. *See id.* (*See also* Compl. ¶ 33.)

Due to the elimination of religious exemptions by the DOH Mandate, NYP revoked Kueh's religious exemption from the NYP COVID Policy on August 30, 2021. (Compl. ¶ 32.) On September 4, 2021, Kueh was placed on a seven-day suspension without pay and notified that the failure to receive the first dose of a COVID-19 vaccination by September 10, 2021 would be deemed his resignation from employment with NYP. (*Id.* ¶¶ 34, 35.)

On September 14, 2021, a federal district court enjoined the DOH Mandate with regard to the elimination of religious exemptions. (*Id.* ¶ 38.) *See Dr. A. v. Hochul*, No. 1:21-CV-1009, 2021 WL 4189533 (N.D.N.Y. Sept. 14, 2021) (issuing temporary restraining order). In light of that temporary restraining order, Kueh requested the reinstatement of his employment on September 22, 2021. (*Id.* ¶ 39.) NYP reinstated Kueh as an employee on September 27, 2021, allowing him to mask and test as an alternative to receiving a COVID-19 vaccine. (*Id.* ¶ 40.) On October 12, 2021, that same federal district court converted the temporary restraining order into a preliminary injunction. *See Dr. A. v. Hochul*, 567 F. Supp. 3d 362, 377 (N.D.N.Y. 2021).

---

[2] At this stage of the proceedings, I may consider the complaint and "any statements or documents incorporated in it by reference." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152–53 (2d Cir. 2002) (internal quotation marks omitted). I find that the DOH Mandate, which forms a key part of the narrative of Kueh's complaint, is incorporated by reference.

3

On October 28, 2021, the Second Circuit vacated the preliminary injunction of the DOH Mandate in *We the Patriots USA, Inc. v. Hochul*, No. 21-2179, 2021 WL 5103443 (2d Cir. Oct. 29, 2021).  (Compl. ¶ 41.)  On November 15, 2021, the DOH mandated that medically eligible healthcare workers must receive a COVID-19 vaccine beginning November 22, 2021, reinstating the terms of the original DOH Mandate and eliminating religious exemptions for covered healthcare workers.  (*Id.* ¶ 42.)  On November 22, 2021, NYP notified Kueh that he must comply with the NYP COVID Policy, which no longer permitted religious exemptions under the reinstated DOH Mandate, and that there were no available accommodations that would permit Kueh to continue employment at NYP without being vaccinated.  (*Id.* ¶¶ 43, 44.)  On November 23, 2021, Kueh requested that NYP permit him to work remotely as an accommodation to his religious beliefs against vaccination.  (*Id.* ¶ 45.)  On November 29, 2021, NYP denied Kueh's accommodation request, explaining that the nature of his role required him to work on site.  (*Id.* ¶ 46.)  That same day, NYP told Kueh that unless he complied with the NYP COVID Policy by receiving the first dose of a COVID-19 vaccine, he would be considered to have "resigned" from employment with NYP.  (*Id.* ¶ 47.)  Around November 31, 2021, NYP terminated Kueh's employment due to his lack of compliance with the NYP COVID Policy.  (*See id.* ¶¶ 13, 47.)

On January 25, 2023, Kueh filed his Complaint in this Court against NYP, bringing discrimination claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. ("Title VII") and the New York City Human Rights Law, N.Y.C. Admin. Code §8-107 ("NYCHRL").  On March 28, 2023, NYP moved to dismiss the Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Doc. 9.)  Kueh filed his opposition

4

to NYP's motion to dismiss on April 27, 2023, (Doc. 14), and NYP filed a reply on May 18, 2023, (Doc. 15).  Both parties have since filed notices of supplemental authority.  (Docs. 16–18.)

## II.     Legal Standard

To survive a motion to dismiss under Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A complaint is properly dismissed, where, as a matter of law, "the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Twombly*, 550 U.S. at 558.  Accordingly, a district court must accept as true all well-pleaded factual allegations in the complaint, and draw all inferences in the plaintiff's favor. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (citing *Ganino v. Citizens Utils. Co.*, 228 F.3d 154, 161 (2d Cir. 2000)).  However, that tenet "is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

In the employment discrimination context, the Second Circuit has held that "at a minimum, employment discrimination claims must meet the standard of pleading set forth in *Twombly* and *Iqbal*, even if pleading a prima facie case is not required." *Hedges v. Town of Madison*, 456 F. App'x 22, 23 (2d Cir. 2012).  Nonetheless, the elements of a prima facie case "provide an outline of what is necessary to render [the] claims for relief plausible." *Sommersett v. City of New York*, No. 09-cv-5916, 2011 WL 2565301, at *5 (S.D.N.Y. June 28, 2011). Courts rely on these elements in determining whether a complaint contains sufficient factual material to give the defendant notice of the grounds for plaintiff's claims. *See, e.g.*, *Kassman v.*

*KPMG LLP*, 925 F. Supp. 2d 453, 461 (S.D.N.Y. 2013) (citing *Murphy v. Suffolk Cnty. Cmty. Coll.*, No. 10-CV-0251, 2011 WL 5976082, at *5 (E.D.N.Y. Nov. 29, 2011)).

### III.     Discussion

#### A.     *Wrongful Termination Under Title VII and NYCHRL*

Kueh's first cause of action alleges his employment was terminated on the basis of his religion in violation of Title VII.  Title VII makes it unlawful "to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . . religion."  42 U.S.C. § 2000e-2.

In order to survive a motion to dismiss for a Title VII discrimination claim, "a plaintiff must plausibly allege that (1) the employer took adverse action against him and (2) his race, color, religion, sex, or national origin was a motivating factor in the employment decision." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 86 (2d Cir. 2015).  As to the first element, Kueh alleges that NYP terminated his employment, which qualifies as an adverse action.  *See Holt v. Dynaserv Indus., Inc.*, No. 14-cv-8299, 2016 WL 5108205, at *5 (S.D.N.Y. Sept. 19, 2016) ("Termination constitutes an adverse employment action for purposes of Title VII." (citing *Vega*, 801 F.3d at 85)).  With regard to the second element, "[a]t the pleadings stage, . . . a plaintiff must allege that the employer took adverse action against [him] at least in part for a discriminatory reason, and []he may do so by alleging facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination." *Vega*, 801 F.3d at 87 (citation omitted).  With regard to the first element, Kueh does not allege any direct evidence of discrimination.

6

Absent direct evidence, "a plaintiff can raise an inference of discrimination by demonstrating the disparate treatment of similarly situated employees but 'must show he was similarly situated in all material respects to the individuals with whom he seeks to compare himself.'" *Novick v. Vill. of Wappingers Falls*, 376 F. Supp. 3d 318, 342 (S.D.N.Y. 2019) (quoting *Kosack v. Entergy Enters., Inc.*, No. 14-CV-9605, 2019 WL 330870, at *6–7 (S.D.N.Y. Jan. 25, 2019)).  In this vein, Kueh alleges upon information and belief that "several of Plaintiff's former colleagues and/or co-workers at NYP who also work in the same department as Plaintiff are working remotely a couple of days during the work week." (Compl. ¶ 24.)  Kueh does not allege any specifics about these colleagues.  Absent allegations that these individuals, among other things, held the same or substantially similar position as Kueh, performed similar duties, and worked in the same location, the Complaint fails to plausibly allege that these individuals are similarly situated in all material respects to Kueh.  Even if these colleagues were similarly situated to Kueh, working remotely "a couple of days during the work week" does not equate to working fully remotely, which is the accommodation Kueh sought.  Moreover, there are no allegations that Kueh sought to work partially remotely and was refused after NYP revoked his religious exemption.  Therefore, the fact that certain of Kueh's employees worked remotely a couple of days a week is irrelevant to any claim of disparate treatment.  Kueh fails to allege any direct or indirect evidence of discriminatory intent, and therefore his Title VII wrongful termination claim fails, and Defendant's motion to dismiss the first cause of action is GRANTED.

Kueh's third cause of action is labelled as a "Wrongful Termination" claim under the NYCHRL. (Compl. at 12.)  This cause of action can be interpreted as either a claim for religious discrimination or for failure to accommodate religious beliefs.  Although this cause of action is

7

more appropriately considered a failure-to-accommodate claim, *see infra* Section III.B, I will briefly address the cause of action as a discrimination claim.

To the extent Kueh brings a religious discrimination claim under the NYCHRL, it fails. Although NYCHRL claims "are analyzed under a similar standard to those of Title VII . . . claims under the New York City Human Rights Law (NYCHRL) must be evaluated independently and with its provisions construed broadly in the plaintiff's favor." *Marte v. Montefiore Med. Ctr.*, No. 22-CV-03491, 2022 WL 7059182, at *7 (S.D.N.Y. Oct. 12, 2022) (citing *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 109 (2d Cir. 2013)). Nonetheless, plaintiffs "still bear[] the burden of showing that the conduct is caused by a discriminatory motive." *Mihalik*, 715 F.3d at 110. *See also Jemmott v. New York City Health & Hosps. Corp.*, No. 19-CV-989, 2022 WL 4468129, at *11 (E.D.N.Y. Sept. 26, 2022). Kueh does not make that showing here. There are no allegations in the Complaint that support an inference that NYP was motivated to terminate Kueh's employment because of his religion. Instead, the Complaint shows that NYP repeatedly tried to accommodate Kueh's religious objection to the COVID-19 vaccine, until the DOH Mandate was permanently reinstated in November 2021. Thus, Kueh's NYCHRL claim fails because he does not allege that NYP treated him differently than other employees because of his religion.

### B. *Failure to Accommodate Under Title VII and NYCHRL*

The second and third causes of action allege failure to accommodate under Title VII and NYCHRL, respectively. To determine whether Kueh states a plausible claim to relief for failure to accommodate in violation of Title VII, I must consider whether the allegations in the Complaint plausibly allege that (1) he "held a bona fide religious belief conflicting with an employment requirement"; (2) he "informed [his] employer[] of this belief"; and (3) he was

"disciplined for failure to comply with the conflicting employment requirement." *Baker v. The Home Depot*, 445 F.3d 541, 546 (2d Cir. 2006) (quoting *Knight v. Conn. Dep't of Pub. Health*, 275 F.3d 156, 167 (2d Cir. 2001)). Once a prima facie case is established, the employer "must offer [the employee] a reasonable accommodation, unless doing so would cause the employer to suffer an undue hardship." *Cosme v. Henderson*, 287 F.3d 152, 158 (2d Cir. 2002) (citing *Knight*, 275 F.3d at 167). "'[U]ndue hardship' is shown when a burden is substantial in the overall context of an employer's business." *Groff v. DeJoy*, 600 U.S. 447, 468 (2023).

Here I find that Kueh makes out a prima facie case of religious discrimination. First, he believes that vaccinations run contrary to the teachings of his religion. (Compl. ¶¶ 28–30, 36, 54; *see also id.* Ex. A). Receiving a COVID-19 vaccine was mandated by Kueh's employer. (Compl. ¶¶ 25, 33, 35, 47.) Thus, a conflict existed between Kueh's religious beliefs and the requirements of his employment. Second, Kueh informed NYP, his employer, of this conflict by submitting a religious exemption request in response to the announcement of the NYP COVID Policy. (*Id.* ¶ 27.) Third, Kueh's employment was terminated for his failure to comply with the NYP COVID Policy. (*Id.* ¶¶ 13, 47.)

NYP argues that Kueh's religious beliefs do not conflict with an employment requirement, but with state law.[3] (Doc. 10 ("Def.'s Mem.") at 12–13.) Defendant relies on a case holding that an employee failed to establish a prima facie case of religious discrimination where the employee had a religious objection to providing a social security number for tax withholding purposes

---

[3] NYP also argues that Plaintiff fails to allege any facts supporting an inference that NYP intentionally discriminated against him because of his religion. Although NYP is correct that Kueh's religious discrimination claims fail for this reason, this is not a germane inquiry in the failure-to-accommodate context. For such claims, the failure to accommodate itself constitutes the unlawful discrimination, so no discriminatory intent is needed. *Cf. Brooklyn Ctr. for Psychotherapy, Inc. v. Philadelphia Indem. Ins. Co.*, 955 F.3d 305, 311–12 (2d Cir.) (holding that in the ADA context "failure-to-accommodate claims do not require proof of discriminatory intent" in contrast to claims of intentional discrimination where "[p]roof of discriminatory motive is critical" (internal quotation marks omitted)).

9

because that requirement is a federal law requirement, not an employment requirement. *See Yisrael v. Per Scholas, Inc.*, No. 01-cv-8290, 2004 WL 744485, at *3 (S.D.N.Y. Apr. 7, 2004). However, the distinction between a requirement of law versus one of employment has been addressed more recently in the context of the DOH Mandate, and courts have repeatedly determined that a workplace vaccination requirement triggered or modified by the DOH Mandate is an employment requirement within the meaning of Title VII. *See Shahid-Ikhlas v. New York And Presbyterian Hosp., Inc.*, No. 22-CV-10643, 2023 WL 3628151, at *4 (S.D.N.Y. May 5, 2023) ("Although the term 'employment requirement' has been used by courts in describing the prima facie elements of a Title VII claim based on a failure to accommodate, it does not come from the language of the statute itself and thus does not warrant as strict of an interpretation as called for by Defendant." (citations omitted)), *report and recommendation adopted sub nom. Shahid-Ikhlas v. New York & Presbyterian Hosp., Inc.*, No. 22-CV-10643, 2023 WL 3626435 (S.D.N.Y. May 24, 2023); *Grimes v. New York & Presbyterian Hosp.*, No. 23-CV-652, 2024 WL 816208, at *5 (S.D.N.Y. Feb. 26, 2024) (same); *Kauffman v. New York Presbyterian Hosp.*, No. 23-CV-4964, 2024 WL 2279318, at *5 (S.D.N.Y. May 16, 2024) (same), *report and recommendation adopted*, No. 23-CIV.-4964, 2024 WL 2944160 (S.D.N.Y. June 10, 2024).

With Kueh's prima facie case established, the question becomes whether NYP could reasonably accommodate his request to work remotely without suffering undue hardship. I find that permitting Kueh to work in person at NYP while unvaccinated constitutes an undue hardship. Prior to the passage of the DOH Mandate, NYP granted Kueh's religious exemption request and allowed him to continue to come to work provided he wore a mask and tested for COVID periodically, instead of receiving a vaccine, as a reasonable accommodation of Kueh's religious beliefs. (Compl. ¶¶ 31, 40, 57, 91, 106; *see also id.* Ex. B.) After the passage of the

DOH Mandate, which required all medically eligible personnel to be vaccinated without religious exception, NYP's mask-and-test accommodation was no longer an option. (*Id.* ¶ 33.) Kueh does not dispute that his role as a Pharmacy Purchasing Manager at NYP falls within the definition of covered "personnel" in the DOH Mandate because he worked on site in a health care setting. (*See id.*) The Second Circuit, in the context of a motion for preliminary injunction, addressed analogous claims stemming from religious objections to the DOH Mandate in *We The Patriots USA, Inc. v. Hochul*, 17 F.4th 266, 292 (2d Cir.), *opinion clarified*, 17 F.4th 368 (2d Cir. 2021), and found that allowing covered personnel to remain in their positions without receiving a vaccine, which is a clear-cut violation of the DOH Mandate, is an undue hardship for employers. *See also D'Cunha v. Northwell Health Sys.*, No. 23-476-CV, 2023 WL 7986441, at *3 (2d Cir. Nov. 17, 2023) (affirming the district court's finding that *We The Patriots* forecloses religious discrimination claims for termination of employment when medically eligible covered personnel refused vaccination). Put simply, "Title VII cannot be used to require employers to break the law." *Riley v. New York City Health & Hosps. Corp.*, No. 22-CV-2736, 2023 WL 2118073, at *4 (S.D.N.Y. Feb. 17, 2023); *cf. Bey v. City of New York*, 999 F.3d 157, 170 (2d Cir. 2021) ("Title VII cannot be used to require employers to depart from binding . . . regulations").

However, Kueh argues that his role as a Pharmacy Purchasing Manager at NYP "could be performed remotely," (Compl. ¶ 62), which would presumably remove him from the universe of covered personnel under the DOH Mandate and allow him to maintain his religious exemption. The DOH Mandate bars covered personnel from performing their jobs while unvaccinated, but it "does not bar an employer from providing an employee with a reasonable accommodation that removes the individual from the scope of the [Mandate]." *We The Patriots*, 17 F.4th at 292. An employer must provide an employee with a reasonable accommodation for

11

his religious beliefs unless it would present an undue hardship for the employer, which is a "fact-specific inquiry" into whether "a burden is substantial in the overall context of an employer's business." *Groff*, 600 U.S. at 468.

Kueh alleges that he was responsible for ordering drugs requested by the pharmacies for the various hospital campuses affiliated with NYP, and that "all of [his] duties could be performed entirely remotely." (Compl. ¶¶ 18, 22). NYP alleges that Kueh typically performed his duties on site in the Hospital's pharmacy, and that an entirely remote work accommodation would have resulted in "Plaintiff's inability to perform his essential functions as a Pharmacy Purchasing Manager." (Def.'s Mem. at 15.) NYP further argues that they are not required to create a new, permanently remote role to accommodate Kueh. (*Id.* at 18.) At this stage of the litigation, I must accept all allegations in the Complaint to be true. *Kassner*, 496 F.3d at 237. NYP does not identify what allegations in the Complaint (1) establish the essential functions of a Pharmacy Purchasing Manager, (2) demonstrate that those essential functions must be performed on site, and (3) support a finding that allowing Kueh to work remotely would cause it undue hardship. Determining the nature of Kueh's role and the nature of hardship to NYP require fact-intensive inquiries which I cannot resolve on a motion to dismiss. Drawing all factual inferences in the Plaintiff's favor, as I must at this stage, it is plausible that Kueh can perform his role remotely without presenting a substantial burden in the context of NYP's business. Kueh's Title VII failure-to-accommodate claim survives NYP's motion to dismiss.

Kueh also brings a failure-to-accommodate claim under the NYCHRL in his third cause of action. As noted, although the Complaint labels this claim as "Wrongful Termination," the allegations contained therein are better understood as a claim for failure to accommodate, as Kueh cites to the failure-to-accommodate provisions of the NYCHRL and makes out factual

12

allegations in support of such a claim. (*See* Compl. ¶¶ 85–103.) *See also Rich Marine Sales, Inc. v. United States*, 384 F. Supp. 3d 373, 379 (W.D.N.Y. 2019) ("the plaintiff's title or characterization of its claims is not controlling" (internal quotation marks omitted)).

Claims for failure to accommodate a religious belief under the NYCHRL are assessed under a similar standard as Title VII failure-to-accommodate claims, first assessing the existence of a prima facie case and then inquiring as to whether accommodating the employee's religious belief would constitute an undue burden for the employer. *See Chinchilla v. N.Y.C. Police Dep't*, No. 23-cv-8986, 2024 WL 3400526, at *7–10 (S.D.N.Y. July 12, 2024). The NYCHRL standard differs from Title VII in that it is more liberal. *See Mihalik*, 715 F.3d at 109 (explaining that Local Civil Rights Restoration Act of 2005 created a "one-way ratchet" by which interpretations of federal civil rights laws like Title VII serve "as a *floor* below which the [NYCHRL] cannot fall") (quoting *Loeffler v. Staten Island Univ. Hosp.*, 582 F.3d 268, 278 (2d Cir. 2009)). Hence, Kueh's failure-to-accommodate claim against NYP, which survives under Title VII, necessarily survives under the more liberal standard of NYCHRL as well. NYP's motion to dismiss Kueh's second and third causes of action is DENIED.

### C. *Failure to Engage in Interactive Process Under NYCHRL*

NYP's second cause of action also alleges failure to engage in a meaningful dialogue related to Kueh's request for an accommodation. This claim does not state a claim under NYCHRL. As a threshold matter, while failure to engage in an interactive process can serve as evidence tending to show discrimination, no independent cause of action lies under the NYCHRL for such a failure. *See Frilando v. New York City Transit Auth.*, 513 F. Supp. 3d 356, 365 (S.D.N.Y. 2021), ("a plaintiff cannot prevail under the . . . NYCHRL solely based on the employer's failure to engage in an interactive process" (internal quotation marks omitted)), *aff'd*,

No. 21-169-CV, 2022 WL 3569551 (2d Cir. Aug. 19, 2022)); *Wellner v. Montefiore Med. Ctr.*, No. 17-CV-3479, 2019 WL 4081898, at *11 (S.D.N.Y. Aug. 29, 2019).  In any event, contrary to Kueh's conclusory assertion, the allegations in the Complaint illustrate a significant back-and-forth between him and NYP.  When NYP first put their COVID Policy in place, they established a process by which employees could seek exemptions, whether medical or religious in nature.  (Compl. ¶ 26.)  Kueh submitted such a request, and NYP exempted him from the vaccination requirement.  (*Id.* ¶¶ 27–31.)  NYP revoked this exemption after the passage of the DOH Mandate; however, when that mandate was enjoined, NYP granted Kueh's request to be reinstated as an employee, again accommodating him by permitting him to mask and test instead of receiving a vaccine.  (*Id.* ¶¶ 33, 38–40.)  When the injunction was vacated and the DOH Mandate reinstated, NYP revoked Plaintiff's religious exemption and considered his accommodation request, responding substantively about why a permanent remote work accommodation was not possible.  (*Id.* ¶¶ 41–46.)  Contrary to Plaintiff's claim that NYP did not engage him with regard to his accommodation request, NYP tried to accommodate Kueh, and only required him to receive the COVID-19 vaccine as a condition of continued employment when they were forced to do so by external regulation.  This significant display of good-faith dialogue belies any claim predicated upon lack of interactive process.  NYP's motion to dismiss Kueh's fourth cause of action is GRANTED.

### IV.    Conclusion

For the foregoing reasons, Defendant's motion to dismiss is GRANTED in part and DENIED in part.  Defendant is directed to file an answer within fourteen (14) days of this Opinion & Order.  The Clerk of Court is respectfully directed to terminate the motion pending at Doc. 9.

SO ORDERED.

Dated: November 25, 2024
 New York, New York

_____
Vernon S. Broderick
United States District Judge